IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   11-cv-00612-WYD-KMT

TEXAS BEEF LTD., d/b/a TEXAS BEEF CATTLE CO.,

    Plaintiff,

v.

McCLAVE STATE BANK,

    Defendant.

_____

Consolidated with

Civil Action No.   11-cv-00975-WDM-MJW

McCLAVE STATE BANK,

    Plaintiff,

v.

LYNN HART, a New Mexico resident, and TEXAS BEEF LTD., d/b/a TEXAS BEEF CATTLE CO., a Texas limited partnership,

    Defendants.

## ORDER OF CONSOLIDATION

THIS MATTER is before the Court on Plaintiff's F.R.C.P. 42(a) Motion to Consolidate Cases filed May 5, 2011.  Plaintiff Texas Beef Ltd. d/b/a Texas Beef Cattle Co. ["Texas Beef"] seeks to consolidate *McClave State Bank v. Hart et al.*, Civil Action No. 11-cv-00975-WDM-MJW with this case, and then to dismiss the case filed by McClave State Bank ["McClave"].  Texas Beef also filed a motion to consolidate in that

case. Since I am presiding over the oldest numbered case, I must decide whether to consolidate the two actions. D.C.COLO.LCivR 42.1.

Turning to my analysis, Fed. R. Civ. P.42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the action; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Consolidation is within the discretion of the trial court. *Gillette Motor Transport v. Northern Oklahoma Butane Co.*, 179 F.2d 711, 712 (10th Cir. 1950).

Upon review of the files in these cases, I find that the two cases involve common questions of law and fact regarding cattle cared for by Curtis Foos pursuant to an arrangement with Texas Beef, who purportedly owned the cattle. Texas Beef alleges in this case that Mr. Foos misrepresented to McClave, who arranged for financing, that Mr. Foos - not Texas Beef- owned the cattle at issue. Because of the financing arrangement, McClave informed Texas Beef that it has a lien on the cattle, which Texas Been disputes. Texas Beef thus filed suit to seek a declaratory judgment as to its rights and interests in the cattle.

Civil Action No. 11-cv-00975 also involves the financing arrangement between Mr. Foos and McClave as to the cattle, although it adds Lynn Hart as an additional party. McClave alleges in that case that it entered into an agreement with the Fooses for a $525,000 line of credit to finance their purchase of cattle and their feeding operation, and that the $525,000 was due and payable November 2010. It also alleges

that the Fooses entered into a security agreement whereby they pledged the cattle as collateral and that the security interest was perfected.  According to McClave, in November 2010 the Fooses did not repay the loan and represented they no longer had cattle to sell.  It subsequently learned that the Fooses had sold cattle to Mr. Hart and Texas Beef.  McClave claims that it has a security interest in these cattle.  It asserts claims for conversion, unjust enrichment, civil theft and declaratory judgment against Mr. Hart and Texas Beef.  Further, McClave requests a declaratory judgment asking the court to determine the rights and interests in the cattle at issue, just as Texas Beef does in this action.

The two cases are thus based on at least some of the same business transactions and allege an overlapping set of facts in their complaints.  Both cases will ask the Court to determine whether McClave has a valid security interest in the cattle at issue.  Accordingly, I find that consolidation of the two cases is appropriate.  Indeed, McClave "agrees that consolidation of the cases for discovery and trial purposes would be a sensible and efficient step." (McClave's Resp. in Partial Supp. and Partial Opp. to Mot. to Consolidate, as 2.)  Further, Lynn Hart did not take a position regarding consolidation; thus, it appears he is not opposed to it.

The parties disagree, however, as to what should occur with Civil Action No. 11-cv-00975 once it is consolidated with this case.  Texas Beef asserts that 11-cv-0975 should be dismissed, and that McClave can assert the claims therein as counterclaims and third-party claims in this case.  McClave disagrees, asserting that the case should remain pending and consolidated with this action.

I reject Texas Beef's request that the Court dismiss McClave's action pending as 11-cv-00975. I agree with McClave that Texas Beef has cited no authority that would justify involuntary dismissal of the claims McClave filed in the 11-cv-00975. Indeed, consolidation does not as a matter of law merge the two suits into one. *See* 9A C. Wright, A. Miller, *Federal Practice & Procedure*, § 2382 (3d ed. 2010) (citing *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933)); *see also New Mexico v. Bureau of Land Management*, 565 F.3d 683, 695 n. 12 (10th Cir. 2009). I also find that dismissal of McClave's action would not result in judicial efficiency or the saving of any time and effort in the case. Further, I find no reason to believe that the consolidation of the two cases will lead to confusion in filings or other procedural matters, as argued by Texas Beef. Finally and for the same reasons, I reject McClave's alternative suggestion in its response to dismiss 11-cv-00612 and require Texas Beef to file its claims as counterclaims in this matter.

Based upon the foregoing, it is

ORDERED that Plaintiff's F.R.C.P. 42(a) Motion to Consolidate Cases filed in this case on May 5, 2011 (ECF No. 15) is **GRANTED**. *McClave State Bank v. Hart, et al.,* Civil Action No. 11-cv-00975-WDM-KMT, shall be assigned to me and consolidated with this case for all further purposes. It is

FURTHER ORDERED that the Clerk of Court shall docket this Order in Civil Action No. 11-cv-00975. It is

FURTHER ORDERED that as of the date of this Order, all pleadings and other filings shall be filed in this case only, using the caption appearing in this Order. It is

FURTHER ORDERED that Civil Action No. 11-cv-00975 shall hereafter be referred to the magistrate judge assigned to the lowest case, in this case Magistrate Judge Tafoya.  Finally, it is

ORDERED that the *McClave State Bank v. Hart* case shall hereafter be designated as Civil Action No. 11-cv-00975-WYD-KMT.

Dated:  June 23, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge