IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00612-WYD-KMT

TEXAS BEEF LTD, d/b/a/ TEXAS BEEF CATTLE CO.,

      Plaintiff,

v.

McCLAVE STATE BANK,

      Defendant.

_____

Consolidated with

Civil Action No. 11-cv-00975-WDM-MJW

MCLAVE STATE BANK,

      Plaintiff,

v.

LYNN HART, a New Mexico resident, and TEXAS BEEF LTD., d/b/a/TEXAS BEEF
CATTLE CO., a Texas limited partnership,

      Defendants.

_____

**STIPULATED PROTECTIVE ORDER**
_____

      This matter comes before the Court on the Stipulated Motion for Protective
Order. The Court hereby Orders that the Motion is granted, and the Court enters the
following Protective Order:

      1.      This Protective Order shall be applicable to and govern all discovery
responses of any nature, testimony adduced at trial, matters in evidence and
computerized records (collectively, "RECORDS") which the disclosing party designates

as "CONFIDENTIAL MATERIAL" hereafter furnished, directly or indirectly, by or on behalf of any party in connection with this action.

2.      In designating RECORDS as "CONFIDENTIAL MATERIAL," a party shall make such a designation of CONFIDENTIAL MATERIAL only for RECORDS which that party in good faith believes contain confidential banking or financial records, trade secrets or other confidential, competitive or proprietary business or personal information used by it in, or pertaining to, its business which the party takes appropriate efforts to keep confidential or which the party is otherwise required to keep confidential by agreement or law.  CONFIDENTIAL MATERIAL shall be used solely for the purpose of conducting this litigation and not for any other purpose.

3.      The recipient of RECORDS designated as CONFIDENTIAL MATERIAL by the opposing party or a third party may disclose such material only to the following persons:

a.      the attorneys working on this action on behalf of any party;

b.      any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel;

c.      any parties to this action who are individuals, and the employees, directors or officers of parties to this action who are corporations or partnerships, to the extent necessary to further the interest of the parties in this litigation;

d.      any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 3(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

e.      any witnesses who appear for deposition or trial in this matter, during the course of their testimony, upon the witness being advised of the need and agreeing to keep the RECORDS confidential; and

**a.**      f.      court reporters for depositions; and

g.      the Court and other court personnel.

4.      The persons described in paragraphs 3(d) shall have access to the CONFIDENTIAL MATERIAL once they have been made aware of the provisions of this Order, have been shown a copy and have manifested their assent to be bound thereby. The persons receiving CONFIDENTIAL MATERIAL are enjoined from disclosing it to any other person, except in conformance with this Order.  This Stipulation will not require the disclosure of experts other than by Colorado Rule of Civil Procedure, and/or Court Order.

5.      Each individual who receives any CONFIDENTIAL MATERIAL hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

6.      The recipient of any CONFIDENTIAL MATERIAL that is provided under this Order shall maintain such RECORDS in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such RECORDS as is exercised by the recipient with respect to its own proprietary information.

7.      Parties shall designate CONFIDENTIAL MATERIAL as follows:

a.      In the case of RECORDS produced pursuant to Rules 26 and 34 of the Colorado Rules of Civil Procedure, interrogatory answers, responses to requests for admissions, and the information contained therein, designation shall be made by placing the following legend on any such RECORD prior to production: "CONFIDENTIAL" or "CONFIDENTIAL MATERIAL."  In the event that a party inadvertently fails to stamp or otherwise designate a RECORD as CONFIDENTIAL or CONFIDENTIAL MATERIAL at the time of its production, that party shall have five (5) business days after discovery of such error to so stamp or otherwise designate the RECORD.

b       In the case of depositions, designation of the portion of the transcript (including exhibits) which contains CONFIDENTIAL MATERIAL shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript by counsel for the party to whose CONFIDENTIAL MATERIAL the deponent has had access, said counsel shall designate within fourteen (14) days after counsel's receipt of the transcript.

c       RECORDS designated as CONFIDENTIAL OR CONFIDENTIAL MATERIAL and Transcripts of depositions containing such information will not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, or other matters.  If RECORDS designated as CONFIDENTIAL OR CONFIDENTIAL MATERIAL, or a deposition transcript containing or discussing such information, are filed, the RECORDS and/or transcript shall bear the appropriate legend on the caption page and shall be filed under seal in compliance with D.C.Colo.L.R. 7.2 and the Court's Electronic Filing Procedures 6.1.

8.      A party shall not be obligated to challenge the propriety of a CONFIDENTIAL or CONFIDENTIAL MATERIAL designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto.  In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing party written notice of its disagreement with the designation.  The parties shall first try to dispose of such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the seeking the designation may request appropriate relief from the Court, but in any event, such relief from the Court shall not be requested before four (4) days after the producing party is served with the required notice.  The burden of proving that RECORDS have been properly designated as CONFIDENTIAL MATERIAL shall be on the party making such designation.

9.      The Clerk of the Court is directed to maintain under seal all RECORDS and all transcripts of deposition testimony filed with this Court in this litigation by any

party which are, in whole or in part, designated as CONFIDENTIAL MATERIAL,
including all pleadings, deposition transcripts, exhibits, discovery responses or
memoranda purporting to reproduce or paraphrase such RECORDS.  The person filing
such RECORDS shall designate to the Clerk that all or a designated portion thereof is
subject to this Order and is to be kept under seal, except that upon the default of the filing
party to so designate, any party may do so.

10.    In the event that any CONFIDENTIAL MATERIAL is used in any court
proceedings in connection with this litigation, it shall not lose its CONFIDENTIAL
MATERIAL status through such use, and the parties shall take all steps reasonably
required to protect its confidentiality during such use.

11.    Nothing in this order shall preclude any party to the lawsuit, their
attorneys or any other person from disclosing or using, in any manner or for any purpose,
any RECORDS not obtained in this lawsuit, if such RECORDS are lawfully obtained
from a third party without violation of any confidentiality obligation, even though the
same RECORDS may have been produced in discovery in this lawsuit and designated as
CONFIDENTIAL MATERIAL.

12.    Nothing in this order shall preclude any party to the lawsuit or their
attorneys (a) from showing RECORDS designated as CONFIDENTIAL MATERIAL to
an individual who either prepared or reviewed the RECORDS prior to the filing of this
action, or (b) from disclosing or using, in any manner or for any purpose, RECORDS
from the party's own files which the party itself has designated as CONFIDENTIAL
MATERIAL.

13.    Within sixty (60) days of the termination of litigation between the parties,
all CONFIDENTIAL MATERIAL, and all copies thereof, except such copies which have
been filed with the Court, utilized in accordance with this Order, or which are and will
continue to be maintained in a secure place pursuant to the continuing obligations of this
Order, shall be returned to the party which produced it or shall be destroyed.

14.     Except as specifically provided herein, the terms, conditions and limitations of this Order shall survive the termination of this action at the option of the designating party.

15.     This Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained herein.

Dated this 22nd day of July, 2011.

FOR THE COURT:

_____

Kathleen M. Tafoya
United States Magistrate Judge

STIPULATED TO AND AGREED TO:

For McClave State Bank:

/s/ Paul Zogg_____          /s/ Mark MacDonnell_____
Paul Zogg                                      Mark MacDonnell
Law Office of Paul Zogg                        437 Sixth St.
1221 Pearl Street                              Las Animas, CO 81054
Boulder, CO 80302

For Lynn Hart:

/s/ Darla Scranton Specht_____
Darla Scranton Specht
SCRANTON SPECHT & ASSOCIATES P.C.
PO Box 1500, 1204 East Olive
Lamar, CO 81052

For  Texas Beef Ltd:


/s/ Jessica Yates                                           /s/ John Huffaker

John O'Brien                                               John Huffaker
Jessica E. Yates                                          Sprouse Shrader Smith P.C.
Snell & Wilmer L.L.P.                                 701 S. Taylor, Suite 500
One Tabor Center, Suite 1900                     Amarillo, Texas 79101
1200 17th Street
Denver, CO 80202